

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JUDY WILBORN, | § | CASE NO. 03-48263 |
| | § | |
| *Debtor* | § | Chapter 13 |
| | § | |
| | § | |
| JUDY WILBORN, KARLTON | § | |
| FLOURNOY, MONICA | § | ADVERSARY NO. 07-3481 |
| FLOURNOY, and JUDITH MARTIN, | § | |
| on behalf of themselves and those | § | |
| similarly situated, | § | |
| | § | |
| *Plaintiffs* | § | |
| | § | |
| vs. | § | |
| | § | |
| WELLS FARGO BANK, N.A., f/k/a | § | |
| WELLS FARGO HOME | § | |
| MORTGAGE, INC., | § | |
| | § | |
| *Defendant* | § | |

**MEMORANDUM OPINION ON PLAINTIFFS' MOTION TO STRIKE JURY DEMAND**
[Docket No. 9]

On February 20, 2008, the Plaintiffs filed a Motion to Strike Jury Demand of the Defendant, Wells Fargo Bank, N.A. (the Defendant).[1] [Docket No. 9.] For the reasons stated below, the Court finds that the Motion to Strike Jury Demand is meritorious and should be granted.

**I.     Factual Background**

The Plaintiffs' Complaint seeks "to remedy Defendant's pattern and practice of ignoring postpetition requirements of the Bankruptcy Code and Rules as they govern professional fees and

---

[1] Unless otherwise indicated, all docket citations refer to the docket in adversary proceeding number 07-3481.

costs/expenses."[2] [Docket No. 1, ¶ 1.] Specifically, the Plaintiffs allege that the Defendant has purposefully avoided the disclosure requirements of 11 U.S.C. § 506(b) and Federal Rule of Bankruptcy Procedure 2016 (Rule 2016). [Docket No. 1, ¶ 82.] For these violations, the Plaintiffs seek the following relief: (1) A declaratory judgment stating that the Defendant's actions have not complied with § 506(b) and Rule 2016; (2) Disgorgement of the unapproved fees and costs charged by the Defendant to the Plaintiffs' respective accounts; (3) A permanent injunction barring the Defendant from charging fees or costs to the mortgage account of a debtor without receiving approval from a Bankruptcy Court via Rule 2016; and (4) Sanctions pursuant to 11 U.S.C. § 105. [Docket No. 1, ¶¶ 95-113.]

The Defendant included a jury demand in its Answer to the Complaint. [Docket No. 7, ¶ 129.] The Plaintiffs request this Court to strike the Defendant's demand for a jury trial because: (1) there is no right to a jury trial on the Plaintiffs' causes of action contained in the Complaint; or, in the alternative, (2) if the Defendant does have the right to a jury trial on the causes of action in the Complaint, any such rights were lost when the Defendant filed a proof of claim in each of the Plaintiffs' Chapter 13 cases. [Docket No. 9, ¶¶ 12 and 13.] The Court agrees that there is no right to a jury trial on the Plaintiffs' claims, and finds in the alternative that the Defendant lost its jury rights by filing a proof of claim in each of the Plaintiffs' respective Chapter 13 cases.

---

[2] The Complaint is styled as a class action suit limited to similarly situated debtors whose cases are pending in the Southern District of Texas. Although there is no doubt that a bankruptcy court may adjudicate a class action lawsuit pursuant to Bankruptcy Rule 7023, *see, e.g., In re Talbert*, 347 B.R. 804 (Bankr. E.D. La. 2005), at this time, no class has been certified and, accordingly, the only Plaintiffs are the four individuals whose names are expressly set forth in the Complaint. Whether a class should be certified has no bearing on the Court's decision to grant the Plaintiffs' Motion to Strike Jury Demand.

## II. Conclusions of Law

### A. The Defendant does not have the right to a jury trial on the claims in this adversary proceeding.

The Defendant's primary argument in favor of its right to a jury trial is that the cause of action which the Plaintiffs labeled as disgorgement is merely a legal claim for damages "dressed up" as an equitable claim.[3] [Docket No. 18, p. 10.] The Defendant attempts to recast the Plaintiffs' Complaint as a breach of contract action based upon the Plaintiffs' individual mortgages and notes instead of an action seeking to enforce § 506(b) and Rule 2016. The Defendant asserts that "[i]f these agreements [i.e. the loan documents] did not exist, then the Plaintiffs and Wells Fargo would have nothing to do with each other." [Docket No. 18, p. 8.] While the Defendant's assertion that the parties have no other relationship but for the loan documents is facially accurate, it misses the determinative question: what is the basis of the claims brought in the Complaint? If the Defendant is correct that these claims are legal and arise from a mere breach of contract, then there is unquestionably a right to a jury trial. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989); *Billing v. Ravin, Greenberg & Zackin, P.A.*, 22 F.3d 1242, 1245 (3d Cir. 1994) (citing *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 477 (1962)). However, if the Plaintiffs' claims are equitable and arise out of § 506(b) and Rule 2016, then there is no right to a jury trial. *Granfinanciera*, 492 U.S. at 42.

Provisions in loan documents allow the Defendant to charge attorney's fees and costs to the borrower, but both state and federal law require that these fees be reasonable. *Sanchez v. Ameriquest Mortgage Co. (In re Sanchez)*, 372 B.R. 289, 306 (Bankr. S.D. Tex. 2007) (citing *Campbell v. Countrywide Home Loans, Inc. (In re Campbell)*, 361 B.R. 831, 850 (Bankr. S.D. Tex. 2007).

---

[3] The Defendant concedes that it does not have a right to a jury trial on the claims for injunctive and declaratory relief. [Docket No. 18, p. 7.]

Pertinent to this proceeding, Rule 2016 requires any creditor seeking reimbursement from the estate for legal services rendered on behalf of that creditor to file an application with, and seek approval from, the bankruptcy court. Thus, the loan documents provide the answer to the general question, "Are fees and costs recoverable by the lender?" And, Rule 2016 answers the specific question, "If the contract allows the lender to recover fees and costs, are any or all of the fees and costs allowable against a debtor and her bankruptcy estate?" The Complaint seeks an answer from this Court on only the latter question, and presents no challenge to the former. Thus, the gravamen of the Complaint lies in the procedural deficiency of failing to adhere to the Bankruptcy Code and Rules in disclosing to the Court that these fees and costs had been charged to the Plaintiffs, with payment coming from funds of the respective bankruptcy estates of each of the Plaintiffs.

This conclusion is supported by the nature of the remedies sought by the Plaintiffs. The Defendant argues that the Plaintiffs are seeking damages (legal relief) rather than disgorgement (equitable relief). The Fifth Circuit has unequivocally stated that disgorgement is an equitable remedy:

> Disgorgement wrests ill-gotten gains from the hands of a wrongdoer. *It is an equitable remedy meant to prevent the wrongdoer from enriching himself by his wrongs.* SEC v. Huffman, 996 F.2d 800, 802 (5th Cir. 1993). Because disgorgement is meant to be remedial and not punitive, it is limited to 'property causally related to the wrongdoing' at issue. *SEC v. First City Fin. Corp.*, 281 U.S. App. D.C. 410, 890 F.2d 1215, 1231 (D.C. Cir. 1989). Accordingly, the party seeking disgorgement must distinguish between that which has been legally and illegally obtained. *Id.*

*Allstate Ins. Co. v. Receivable Fin. Co., LLC*, 501 F.3d 398, 413 (5th Cir. 2007) (emphasis added).

Here, the Plaintiffs are seeking the return of funds that the Defendant, in violation of § 506(b) and Rule 2016, surreptitiously charged against their accounts. They are only attempting to be reimbursed for the wrongfully obtained funds and they are not seeking punitive damages against the

Defendant. The Court concludes that the Plaintiffs accurately pleaded this relief as disgorgement and not a claim for money damages.[4]

The Defendant's final argument accurately notes that: (1) the Complaint addresses both post-petition and post-confirmation charges; (2) § 506(b) does not apply to post-confirmation charges against a debtor; and (3) state law controls the determination of whether charged fees are reasonable. *Sanchez*, 372 B.R. at 306-7. Thus, the Defendant concludes, even if the post-petition charges are equitable claims based on a violation of the Bankruptcy Code, the post-confirmation charges are based on a breach of contract under state law and must be legal claims. However, despite the fact that § 506(b) does not apply to post-confirmation charges, Rule 2016 continues to apply to those charges as long as an estate is still in existence. *Id.* (holding that as long as the bankruptcy court has jurisdiction over a case, it has the authority to determine whether post-confirmation charges are reasonable under state law and that undisclosed post-confirmation charges are per se unreasonable); *see also Padilla v. Wells Fargo Home Mortgage, Inc. (In re Padilla)*, 379 B.R. 643, 658 (Bankr. S.D. Tex. 2007).[5] In this instance, there is still an estate in existence because in a Chapter 13 case, the

---

[4] Insofar as the Plaintiffs seek sanctions against the Defendant, these claims are limited to the Court's power under § 105(a) to prevent an abuse of the bankruptcy process; namely, assuring that the Defendant complies with the disclosure requirements of Rule 2016. When only civil relief is sought under § 105, there is no right to a jury trial. *Thigpen v. Matrix Fin. Servs. Corp. (In re Thigpen)*, 2004 Bankr. LEXIS 1136, at * 4-7 (Bankr. S.D. Ala. 2004) ("If the debtor is limiting herself to relief under § 105 for abuse of process . . ., the debtor is seeking relief that is a public right and such relief was not available in 18th century England. Section 105 and the U.S. bankruptcy system did not exist in 18th century England. The right is a public one, rather than private, because it involves not only the parties, but the integrity of the judicial process."). Thus, the Plaintiffs are not seeking to redress the contempt of a specific court order, but rather are seeking to remedy an abuse of the bankruptcy process, which is a public right. Accordingly, there is no right to a jury trial for the Plaintiffs' request for sanctions under § 105.

[5] The Defendant also cited *Padilla* for the proposition that Rule 2016 is "merely a procedural rule, not a substantive provision." *Padilla*, 379 B.R. at 657. This quotation incorrectly implies that *Padilla* stands for the proposition that Rule 2016 is unenforceable by a debtor. In fact, both *Padilla* and *Sanchez* stand for the same proposition: that a failure to comply with the procedural provisions of Rule 2016 disables the court's ability to determine under state law whether the charges are allowable. Thus, the only possible conclusion is for the court to disallow fees which were not approved.

5

estate remains in existence until all plan payments are made.[6] Thus, the Plaintiffs may prosecute a claim for violation of Rule 2016 in connection with undisclosed post-confirmation fees. In this regard, the Court's analysis of whether the causes of action are legal or equitable is the same if the charges are made post-petition or post-confirmation.

In sum, the Court concludes that the Complaint sets forth claims for equitable relief (i.e. disgorgement) that are based upon violations of § 506(b) and Rule 2016. Since the Plaintiffs seek exclusively equitable relief and no legal damages for breach of contract, the Defendant is not entitled to a jury trial.

### B. In the alternative, the Defendant lost its right to a jury trial by filing a proof of claim in each of the Plaintiffs' Chapter 13 cases and subjecting itself to the equitable power of this Court.

Assuming that the Defendant is entitled to a jury trial in this adversary proceeding on at least some portion of the Complaint, the Court concludes that the Defendant lost such right to a jury by filing a proof of claim in each of the Plaintiffs' bankruptcy cases, thereby subjecting itself to the equitable power of this Court.

Filing a proof of claim "triggers the process of 'allowance and disallowance of claims,' thereby subjecting [the claimant] to the bankruptcy court's equitable power." *Langenkamp v. Culp*, 498 U.S. 42, 44 (1990) (quoting *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 58-59 (1989)). The Defendant admits that it filed a proof of claim in each of the Plaintiffs' bankruptcy cases. However, a creditor does not automatically lose its right to a jury trial on all causes of action by filing a proof of claim. Specifically, "[a] debtor or creditor with an otherwise valid right to a jury may lose such

---

[6] The only exception to this rule is if the Chapter 13 plan, or the order confirming the plan, expressly revests assets in the name of the debtor as of the confirmation date—and this was not done in the main cases at bar. The continued existence of the estate in a Chapter 13 case after confirmation of the plan is a key difference between Chapter 13 and Chapter 11. In the latter, the general rule is that once the plan is confirmed, the estate ceases to exist.

right through conversion of his legal claim into an equitable claim if the proceeding invokes the: (1) claims allowance or disallowance process; (2) the hierarchical ordering of creditors' claims; or (3) if the dispute is integral to the restructuring of the debtor-creditor relationship." *Capital Assocs. Int'l, Inc. v. Banc One Leasing Corp. (In re Capital Assocs. Int'l, Inc.)*, 2003 Bankr. LEXIS 931, *17-18 (Bankr. N.D. Tex. Aug. 6, 2003) (citing *Granfinanciera*, 492 U.S. at 58; *Billing*, 22 F.3d at 1251 n.14; *In re Jensen*, 946 F.2d 369, 374 (5th Cir. 1991)). The Court finds that this adversary proceeding is integral to the restructuring of the debtor-creditor relationship.

This lawsuit cannot affect the restructuring of the debtor-creditor relationship through the development of a plan of reorganization because each of the Plaintiffs have already obtained confirmation of a Chapter 13 plan. Instead, the Court looks beyond the process of restructuring the debtor-creditor relationship in a plan to the Plaintiffs' ultimate goal—obtaining a fresh start. A debtor who makes all of his Chapter 13 plan payments for the length of the plan believes that, at the end the plan, all of his defaults have been cured. However, if a secured creditor is charging fees and costs to a debtor's account without informing the debtor or the court, then that debtor is not truly receiving a fresh start when he eventually discovers—after completing his plan payments and seeing his case closed—that thousands of dollars were charged against him during the life of the plan.

This situation can be completely avoided if secured creditors fully comply with Rule 2016 for all charges and fees.[7] With this disclosure, the debtor, as well as unsecured creditors, are made aware of the charges and have the ability to efficiently challenge them. The Court is able to fulfill its obligation to review the fees and costs for reasonableness, thereby assuring that the debtor is

---

[7] Indeed, recent cases have held that Rule 2016 applies to all pre- and postconfirmation charges and fees sought by a mortgage lender pursuant to its note. *Padilla*, 379 B.R. at 657; *Payne v. Mortgage Electric Registration Systems, Inc. (In re Payne)*, 2008 Bankr. LEXIS 1340, at *27 (Bankr. D. Kan. May 6, 2008); *In re Watson*, 2008 Bankr. LEXIS 1011, at *23 (Bankr. D. Del. April 7, 2008); *In re Andrews*, 2007 Bankr. LEXIS 3290, at *5 (Bankr. D. Kan. Sept. 26, 2007).

leaving the protection of Chapter 13 on a level playing field. By failing to disclose these charges, the secured creditor is unfairly skewing the restructuring of the debtor-creditor relationship in its favor by charging fees against an unwitting borrower who is unlikely to challenge these charges when they eventually come to light after their bankruptcy case is closed. Thus, the Court finds that the causes of action brought by the Plaintiffs under Rule 2016 and § 506(b) involve the restructuring of the debtor-creditor relationship, and the Defendant has lost its right to a jury trial by filing proofs of claim.

### III.   Conclusion

The Court finds that the Defendant does not have the right to a jury trial on the causes of action contained in the Complaint because they seek exclusively equitable relief based upon alleged violations of § 506(b) and Rule 2016, and seek no legal relief based upon a breach of contract theory. In the alternative, the Court finds that any right to a jury trial which the Defendant may have had was lost when it filed proofs of claim in each of the Plaintiffs' Chapter 13 cases, thereby subjecting itself to the equitable power of this Court. A corresponding order will be entered on the docket simultaneously with the entry of this Memorandum Opinion.

Signed on the 15th day of May, 2008.

Jeff Bohm
U.S. Bankruptcy Judge